Sarah E. Josephson, Esq.
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 'A' Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Plaintiffs



## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, for the use and benefit of TRUSTEES OF THE SOUTHERN ALASKA CARPENTERS HEALTH AND SECURITY, RETIREMENT, DEFINED CONTRIBUTION PENSION and SOUTHCENTRAL AND SOUTHEASTERN ALASKA CARPENTERS APPRENTICESHIP AND TRAINING TRUST FUNDS,<br><br>  Plaintiffs,<br><br>vs.<br><br>NORTHRIM SIDING, INC., WESTERN SURETY COMPANY, BOND NO. 68990875,<br><br>  Defendants. | Case No. A04-0030 Civ. (JKS) |

### MOTION FOR ATTORNEY FEES

COME NOW plaintiffs, Trustees of the Southern Alaska Carpenters Health and Security, Retirement, Defined Contribution Pension and Southcentral and Southeastern Alaska Carpenters Apprenticeship and Training Trust Funds, by and through their

Motion for Attorneys Fees
Case No. A04-0030 Civil (JKS)

Page 1 of 2

attorneys of record, Jermain, Dunnagan & Owens, P.C., and pursuant to judgment entered on December 7, 2005 hereby moves the Court for an award of attorney fees in the amount of $27,493.75 for the collection of delinquent benefit contributions owing by Northrim Siding, Inc. and Western Surety Company, Bond No. 68990875 for work performed by carpenters for the period April through July 2003. This motion is supported by the memorandum and affidavit submitted herewith.

DATED at Anchorage, Alaska, this 21st day of December, 2005.

JERMAIN, DUNNAGAN & OWENS, P.C.
Attorneys for Plaintiffs

By: _____
Sarah E. Josephson
Alaska Bar #9705017

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of December, 2005, a true and correct copy of the foregoing, was mailed to:

Kevin J. Anderson, Esq.
645 G Street, Suite 100, PMB 570
Anchorage, AK 99501

_____
Leslie D. Jones
#110834

Sarah E. Josephson, Esq.
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 'A' Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, for the use and benefit of TRUSTEES OF THE SOUTHERN ALASKA CARPENTERS HEALTH AND SECURITY, RETIREMENT, DEFINED CONTRIBUTION PENSION and SOUTHCENTRAL AND SOUTHEASTERN ALASKA CARPENTERS APPRENTICESHIP AND TRAINING TRUST FUNDS,<br><br>    Plaintiffs,<br><br>vs.<br><br>NORTHRIM SIDING, INC., WESTERN SURETY COMPANY, BOND NO. 68990875,<br><br>    Defendants. | Case No. A04-0030 Civ. (JKS) |

**MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY FEES**

Plaintiffs, the Trustees of the Southern Alaska Carpenters Health and Security, Retirement, Defined Contribution Pension and Southcentral and Southeastern Alaska Carpenters Apprenticeship and Training Trust Funds brought this case against

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

defendants, Northrim Siding, Inc. and Western Surety Company, Bond No. 68990875 under Sections 502(g) and 515 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132(g) and 1145 for failing to make benefit contributions as required by collective bargaining and trust agreements.

Section 502(g)(2)(D) of ERISA provides that the court "shall award the plan reasonable attorney's fees and costs of the action, to be paid by the defendant. . . ." 29 U.S.C. § 1132(g)(2)(D); *see also Kemmis v. McGolddrick*, 706 F.2d 993, 997 (9th Cir. 1983), *after remand*, 767 F.2d 594 (9th Cir. 1985)(trustees as prevailing parties are entitled to mandatory award of attorney's fees under Section 502(g)(2) of ERISA); *Operating Engineers Pension Trust v. Reed*, 726 F.2d 513, 514 (9th Cir. 1984)(same). An award of attorney fees and costs is mandated by ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), if the trust is successful.

Northrim Siding, Inc. executed a Compliance Agreement with Carpenters Local No. 1281 Union of the Carpenters and Joiners of America. *See* Exhibit 2. The Compliance Agreement specifically incorporates all terms and conditions of the Collective Bargaining Agreement ("CBA") between Associated General Contractors of Alaska and Carpenters Local No. 1281 Union. *Id.* The CBA requires compliance with the terms of Trust Agreements pertaining to Retirement, Pension, Health and Security, and Apprenticeship and Training benefits. *See* Exhibit 3.

The trust agreements provide for recovery of fees incurred in pursuing collection against the employer. *See* Exhibits 4-7 attached hereto. Under the terms of the Trust Agreements, the plaintiffs are entitled to fees for their collection efforts. Specifically, the

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

Carpenters Retirement Trust Fund Agreement provides that "in the event the Trustees place the account in the hands of legal counsel for collection, the delinquent employer shall be liable for reasonable attorney fees, (with a minimum of $25.00) and for all reasonable costs incurred in the collection process, including court fees, audit fees, etc." *See* Exhibit 4. The Trust Agreements for the Defined Contribution Pension Trust and Health and Security Fund have identical language. Exhibits 5 and 6; *see also* language set forth in the Carpenters Apprenticeship and Training Trust Fund attached as Exhibit 7.

On December 7, 2005, the Court entered judgment in favor of plaintiffs and against defendants, Northrim Siding, Inc. and Western Surety Company, Bond No. 68990875 -- in the principal amount of $28,645.22 for unpaid principal contributions and $4,998.57 for liquidated damages, with interest accruing on the total. Docket # 65. The Court is required to determine whether counsels' hourly billing rate is reasonable, and whether the number of hours expended was reasonable to the issues raised in the cause of action. *O'Farrell v. Twin Brothers Meats, Inc.*, 889 F. Supp. 189, 192-93 (D. Pa. 1995); *New York State Teamsters Conference Pension and Retirement Fund v. Fratto Curbing Co., Inc.*, 875 F. Supp. 129, 131 (D.N.Y. 1995).

Over $60,000.00 in benefit contributions were owed for work performed by carpenters for Northrim Siding, Inc. during the months of April through July 2003. *See* calculation of amounts owing as reflected in attached Exhibit 8. Through diligent work that sum was reduced by collecting over $33,000.00 from Chenega, a general contractor. In addition, after sending a demand letter, plaintiffs collected $12,000.00 from Northrim

Siding for amounts owing.[1] Counsel communicated via telephone, mail, and e-mail with counsel for Chenega and counsel for Northrim to obtain payment for delinquent contributions. Plaintiffs wrote numerous letters and emails to defendants outlining the basis for the cause of action in this case and supplementing information and calculations as appropriate in the hopes of finding a resolution. Counsel for the Trust has three volumes of correspondence, pleadings, research and spreadsheets from work performed during almost two years of litigation.[2] Courts have not looked favorably on employers attempting to convert "simple collection actions into lengthy litigation by raising a variety of defenses...[and] making collection of delinquent contributions unnecessarily cumbersome and costly."[3] Courts have been concerned that allowing employers to prolong and complicate collection action litigation depletes funds and weakens their ability to provide the promised benefit. As addressed in the attached affidavit, in the over five years that undersigned counsel has been involved in ERISA trust collection cases, this has been probably the most time consuming case as the parties attempted to settle the matter several times, but ended up having to engage in motion practice.

---

[1] Plaintiffs credited Northrim's payments of $10,000 on September 19, 2003, and Chenega's payment of $33,278.13 on June 24, 2004, against Northrim's obligations on the "Chenega Project." Plaintiffs credited Northrim's payment of $2,000 on November 14, 2003, against its obligations on "Other Projects." See Supplemental Brief to Plaintiffs' Motion for Summary Judgment filed with the Court on October 5, 2005.

[2] This case was filed on January 26, 2004. However, it should also be noted that the plaintiffs' counsel sent her first demand letter to Northrim Siding in August 2003.

[3] See Ronald K. Noble, *Denying the Illegality Defense: An Enigmatic Approach to the Delinquent Pension Fund Contribution* Problem, 34 STAN. L. REV. 221, 228 (1981); *Lewis v. Benedict Coal Corp.*, 361 U.S. 459, 465-66 (1960).

A total of 153.15 attorney hours and 47.10 paralegal hours were expended in obtaining the judgment against defendants, Northrim Siding, Inc. and Western Surety Company, Bond No. 68990875 covering the projects and delinquencies at issue, and were necessary for the successful prosecution of this case. In connection with collection, plaintiffs' attorneys and paralegals were required to (a) investigate background facts, prepare various demands and correspondence, (b) prepare and serve lien notices, review records and compute delinquencies, (c) prepare and file a complaint, (d) prepare and review spreadsheets of amounts owing based on review of certified payroll and remittance reports, (e) conduct factual and legal research regarding coverage, (f) prepare and file a motion for summary judgment, (g) prepare and file supplemental briefing; and (h) prepare and file a motion for attorney fees. *See* Affidavit of Sarah Josephson filed herewith.

Plaintiffs urge the Court to find that the number of hours expended by counsel and paralegals was reasonable. Counsel for plaintiffs billed at the hourly rate of $160-$185. *See* "Affidavit of Sarah Josephson" p. 2, ¶ 3, and "Copies of Bills re: Northrim Siding" attached as Exhibit 1 and filed herewith. Paralegals billed at the rate of $110 per hour. *Id.* Plaintiffs request that the Court find these rates to be reasonable. *Twin Brothers Meats, supra.,* 889 F. Supp. at 193 (attorney/paralegal hourly rates between $90 and $180 reasonable).

Based upon the reasonable rates and reasonable hours, the plaintiff trust funds incurred $27,493.75 worth of fees in pursuing collection for contributions owing from April through July 2003 and obtaining their judgment against Northrim Siding, Inc.

and Western Surety Company, Bond No. 68990875. Plaintiffs respectfully request that the Court award attorney fees in the amount of $27,493.75 upon the judgment.

DATED at Anchorage, Alaska, this 21st day of December, 2005.

JERMAIN, DUNNAGAN & OWENS, P.C.
Attorneys for Plaintiffs

By: _____
Sarah E. Josephson
Alaska Bar #9705017

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of December, 2005, a true and correct copy of the foregoing, was mailed to:

Kevin J. Anderson, Esq.
625 G Street, Suite 100, PMB 570
Anchorage, AK 99501

_____
Leslie D. Jones
#110833

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

Memorandum in Support of Motion for Attorney Fees
Case No. A04-0030 Civil (JKS)

Page 6 of 6