Sarah E. Josephson, Esq.
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 'A' Street, Suite 300
Anchorage, Alaska  99503
(907) 563-8844

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, for the use and benefit of TRUSTEES OF THE SOUTHERN ALASKA CARPENTERS HEALTH AND SECURITY, RETIREMENT, DEFINED CONTRIBUTION PENSION and SOUTHCENTRAL AND SOUTHEASTERN ALASKA CARPENTERS APPRENTICESHIP AND TRAINING TRUST FUNDS,<br><br>Plaintiffs,<br><br>vs.<br><br>NORTHRIM SIDING, INC., WESTERN SURETY COMPANY, BOND NO. 68990875,<br><br>Defendants. | Case No. 3:04-cv-00030-JKS |

**REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFFS' APPLICATION FOR COSTS**

COME NOW plaintiffs, Trustees of the Southern Alaska Carpenters Health and

Security, Retirement, Defined Contribution Pension and Southcentral and Southeastern

Alaska Carpenters Apprenticeship and Training Trust Funds, by and through their

attorneys of record, Jermain, Dunnagan & Owens, P.C., and reply to defendants' opposition to Plaintiffs' Application for Costs.

On December 7, 2005, the Court entered judgment in the amount of $28,645.22 for the collection of delinquent benefit contributions remaining owed by Northrim Siding, Inc. and Western Surety Company, Bond No. 68990875 for work performed by carpenters for the period April through July 2003. Plaintiffs then sought fees and costs. The request for fees and costs was also referenced in Plaintiff's Memorandum in Support of Motion for Summary Judgment. Federal Rule of Civil Procedure 68 provides in pertinent part:

> If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

Defendants assert that they submitted an offer of judgment for more than the amount awarded by the Court and, at first blush, it may appear that is the case. Defendants Offer of Judgment provided, in part, as follows:

> On all counts of plaintiff's Amended Complaint against Northrim Siding Company, Inc., in the sum of $32,500.00 and against Western Surety Company Bond No. 68990875 in the sum of $5,000.00.

However, as set forth below, Defendants' Offer of Judgment was not more favorable than the ultimate result and Plaintiffs' should be awarded fees and costs.

**A. The Offer Provided That Each Party Would Be Responsible for Their Own Costs and Fees.**

An award of attorney fees and costs is mandated by ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2) if the trust is successful. That section specifically provides that:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 [Delinquent contributions] of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –

(A) the unpaid contributions,
(B) interest on the unpaid contributions,
(C) an amount equal to the greater of –

(i) interest on the unpaid contributions, or
(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (a).

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E) such other legal or equitable relief as the court deems appropriate.[1]

In addition to the statutory authority, there is significant Supreme Court and Ninth Circuit case law addressing fees that must be awarded for the collection of delinquent benefits under ERISA. *Sherman v. Carter*, 353 U.S. 210 (1957)(attorney's fees, court costs, and other reasonable expenses awarded per trust agreement); *Sherman v. Carter*, 301 F.2d 467 (9th Cir. 1962)(attorney's fees, court costs, and expenses allowed through entire series of appeals); *Seymour v. Hull & Moreland Engineer*, 605 F.2d 1105 (9th Cir. 1979)($10,000 awarded for attorney fees on recovery of $17,250 in contributions sustained on appeal); *Kemmis v. McGoldrick*, 706 F.2d 993 (9th Cir. 1993), after remand,

---

[1] In addition to the clear language in ERISA, the trust agreements attached as exhibits to Plaintiffs' Memorandum for Fees provide for recovery of fees incurred in pursuing collection against the employer. *See* Exhibits 4-7. Under the terms of the Trust Agreements, the plaintiffs are entitled to fees and costs for their collection efforts.

767 F.2d 594 (9th Cir. 1985)(trustees as prevailing parties are entitled to mandatory award of attorney's fees under Section 502(g)(2) of ERISA).

The judgment obtained by the Plaintiffs was more favorable because the offer provided that "[b]oth the plaintiff and defendants Northland [sic] and Western shall be responsible for payment of their costs and attorneys' fees related to plaintiff's and defendants' actual and potential claims and defenses against each other."

As the Court can see from counsel's billings, by the time the offer was made, the matter had been worked on for over a year. Over $18,000 in attorney fees and costs had been incurred by that time. Fees and costs that the statute, case authority, and the parties' agreements say the Plaintiffs' are entitled to.

In *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016 (9th Cir. 2003), Champion appealed the district court's denial of its motion to amend the judgment to include prejudgment interest and pre-offer costs and attorneys' fees. The court found that where a Rule 68 offer explicitly states that it is inclusive of prejudgment interest and pre-offer costs and attorneys' fees, the judgment to which the offer is compared must include these items if they are awarded.

Here, when the offer of judgment was made, plaintiffs had incurred a year's worth of attorney fees in sending a demand letter, filing a complaint, and working towards settlement with Northrim, Western Surety and Chenega's Bond, United States Fidelity and Guaranty Company Bond No. SG4800. The Offer of Judgment provided that each party would be responsible for its own costs and fees. In contrast, the ERISA statutes,

case authority, and the parties' agreements provide that fees and costs of the action be paid by the defendant.

The Fourth Circuit has also addressed the evaluation of Rule 68 in *Marryshow v. Flynn*, 986 F.2d 689 (4th Cir. 1993). In that case, the court wrote:

> We therefore hold that when evaluating, for Rule 68 purposes, the "judgment finally obtained" to determine whether it is more favorable to a plaintiff than an earlier offer of judgment by the defendants, the judgment finally obtained must include not only the verdict of the jury but also the costs actually awarded by the court for the period that preceded the offer.

Likewise, in *Marek v. Chesny*, 473 U.S. 1, 9 (1985), the Supreme Court found that plaintiff can evaluate defendant's offer of judgment by adding damages caused by the challenged conduct and "costs then accrued" and comparing that sum to the offer of judgment. *Id.* at 7. Here, the Court is called upon to determine whether attorney fees, awardable under ERISA, may be considered in the threshold determination of whether the offer of judgement was more favorable than the judgment finally obtained. The Plaintiffs request that the Court will find that the judgment finally obtained is more favorable.

### B. Defendants Fail to Acknowledge the Significant Sums Collected and Paid by Their General Contractor After Their Offer was Submitted.

Defendants fail to take into account that Plaintiffs collected $33,278.13 from the general contractor, Chenega, on whose project Northrim had been performing work for benefits owing by Northrim. Plaintiffs eventually obtained settlement for much of what was owed from Chenega whose bond was a co-defendant. The settlement offer provided

for monthly payments from July 2004 to February 2005, the majority of the payments came after the offer of judgment was made.[2] As a condition of that settlement, an assignment and release was provided to Chenega by plaintiffs. The pertinent part of that assignment provided:

> Undersigned hereby acknowledges that the Principal is subrogated to all rights which Undersigned has against NSI [Northrim], all persons, firms or corporations who have benefited from the labor, material or services furnished for use in the performance of the above-described project; and, to secure said subrogation rights, Undersigned hereby assigns and transfers to the Principal all rights of Undersigned against NSI said persons, firms, or corporations that relate to the above-referenced project, except that the Undersigned retains the right to pursue Northrim Siding, Inc. for recovery of that amount in interest, liquidated damages and attorney's fees that exceeds the total tendered by the Principal under the terms of the Settlement Agreement referenced herein.

Under Northrim's theory that the defendants' offer was better than the ultimate result, plaintiffs would have to send back settlement payments to the general contractor in order that any judgment obtained against Northrim and Western Surety Company Bond No. 68990875, remain as large as possible. For, if plaintiffs had sent back settlement payments from Chenega for the months of October 2004 (after the offer of judgment was received) through January 2005, when the last payment from Chenega was received, its judgment against the defendants would be over $25,000.00 higher. In the alternative, plaintiffs could end up double dipping and collecting the same benefit contributions twice – in that it would be collecting the same benefits, for the same participant, on the same

---

[2] There is no year provided on defendants' offer. However, based on the date stamped received and the postmark, it appears it was mailed in 2004.

project, from both the general and the subcontractor. These options are not part of the trust's obligation nor do they sound particularly ethical or honest. The trust is obligated to collect employee benefit contributions. Undersigned counsel would go one step further and say that her obligation is to collect employee benefit contributions as efficiently as possible. Therefore, the notion that counsel would return a payment for benefits to the general contractor in the hopes that it would be collected through settlement attempts and litigation at a much later date from a subcontractor completely disregards the purpose and policies behind ERISA law and the Miller Act.

The offer of judgment also provided that plaintiffs would "waive all of its claims or other causes of action that arise out of the transactions and occurrences averred to in plaintiffs' complaint." While, at the supposed time of the Offer of Judgment, the plaintiffs had entered into a settlement agreement with the contractor, whose bond was named as a co-defendant, plaintiffs were still in the process of collecting monthly payments. Certainly, plaintiffs prevailed by not waiving any claims until it received payments in full from the general contractor.

### C.   Conclusion

Based on the statutory language, Ninth Circuit and U.S. Supreme Court case law, the plaintiffs are entitled that fees and costs be added to their judgment. For the foregoing reasons, Plaintiffs respectfully request that the Court award attorney fees in the amount of $27,493.75 and costs in the amount of $397.30 upon the judgment.

DATED at Anchorage, Alaska, this _____ day of January, 2006.

        JERMAIN, DUNNAGAN & OWENS, P.C.
        Attorneys for Plaintiffs


        By:   s/Sarah E. Josephson
            Sarah E. Josephson
            JERMAIN, DUNNAGAN & OWENS, P.C.
            3000 'A' Street, Suite 300
            Anchorage, Alaska  99503
            (907) 563-8844
            (907) 563-8844
            sjosephson@jdolaw.com
            Alaska Bar #9705017

**CERTIFICATE OF SERVICE**

I hereby certify that on the _____ day of January, 2006, a true and correct copy of the foregoing, was mailed to:

Kevin J. Anderson, Esq.
645 G Street, Suite 100, PMB 570
Anchorage, AK 99501


s/josephson
#112822