IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, for the use and benefit of TRUSTEES OF THE SOUTHERN ALASKA CARPENTERS HEALTH AND SECURITY, RETIREMENT, DEFINED CONTRIBUTION PENSION and SOUTHCENTRAL AND SOUTHEASTERN ALASKA CARPENTERS APPRENTICESHIP AND TRAINING TRUST FUNDS,<br><br>        Plaintiffs,<br><br>    vs.<br><br>NORTHRIM SIDING, INC. and WESTERN SURETY COMPANY BOND NO. 68990875,<br><br>        Defendants. | Case No.  3:04-cv-30  TMB<br><br>O R D E R Re: ATTORNEY FEES |

    This matter was litigated before the Honorable Judge James Singleton. On December 7, 2005, Judge Singleton entered an Order in this matter granting Summary Judgment in favor of Plaintiffs, finding that Plaintiffs met their obligation to show how they calculated the amount of the unpaid debt owed by Defendant, and finding that Defendant failed to establish a disputed issue of material fact. Docket 64. Judgment was entered in favor of Plaintiffs in the amount of $28,645.22 for unpaid principal contributions and $4,998.57 for liquidated damages, with interest accruing on the total. Docket 65. Following a cost bill hearing, the clerk assessed costs against the Defendant in the amount of $359.20. Docket nos. 65 & 70.

    On December 21, 2005, Plaintiffs filed a Motion for Attorney Fees pursuant to Section 502(g)(2)(D) of ERISA. Docket 68. Defendants have Opposed the motion, and Plaintiffs have replied. Docket nos. 69 & 71. This matter was transferred to the undersigned on January 23, 2006. Docket 72.

    Plaintiffs seek a total of $27,493.75 in attorney fees. Docket 68. Counsel's calculations include a total of 153.15 attorney hours at hourly rates between $160 and $185, and 47.1 paralegal

hours at the hourly rate of $110.  Docket 68 at 5, Exhibit 1.  Defendants oppose an award of attorney fees on the grounds that an offer of judgment was made in September 2005 in the amount of $37,500.00, with all parties to bear their own costs and attorney fees.  Docket 69.  Defendants argue that pursuant to Fed. R. Civ. P. 68, Plaintiffs are not entitled to an award because the amount of the offer of judgment exceeded the amount ultimately awarded by the Court.  Id.  Plaintiffs' response is that the $28,645.22 judgment plus costs and reasonable attorney fees through September 2005 exceeds the $37,500.00 offer of judgment.  Docket 71.

This matter was litigated from January 26, 2004, until Judgment was entered on December 7, 2005.  Prior to the filing of the Complaint, Plaintiffs reflect attorney fees dating back to August 2003.  Docket 68, Exhibit 1. A favorable judgment under ERISA clearly mandates an award of reasonable attorney fees in addition to the principal amount of the judgment.  See  ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2)(D) ("the court shall award the plan reasonable attorney's fees and costs of the action, to be paid by the defendant.")  Accordingly, Defendant's offer of judgment of $37,500.00, with parties to bear their own costs and fees, does not exceed the $28,645.22 Judgment of the Court with an additional award of attorney fees for purposes of Fed. R. Civ. P. 68.

Defendants have opposed an award of attorney fees, but they have not opposed Plaintiffs' calculation of fees in their underlying Motion.  Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Attorney Fees is GRANTED.  Plaintiffs are awarded attorney fees in the amount of $27,493.75.

Dated at Anchorage, Alaska, this 7th day of April 2006.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge