Sarah E. Josephson, Esq.
JERMAIN, DUNNAGAN & OWENS, P.C.
3000 'A' Street, Suite 300
Anchorage, Alaska  99503
(907) 563-8844

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, for the use and benefit of TRUSTEES OF THE SOUTHERN ALASKA CARPENTERS HEALTH AND SECURITY, RETIREMENT, DEFINED CONTRIBUTION PENSION and SOUTHCENTRAL AND SOUTHEASTERN ALASKA CARPENTERS APPRENTICESHIP AND TRAINING TRUST FUNDS,<br><br>            Plaintiffs,<br><br>vs.<br><br>NORTHRIM SIDING, INC., WESTERN SURETY COMPANY, BOND NO. 68990875,<br><br>            Defendants. | Case No. 3:04-cv-00030-JKS |

## MOTION FOR RELIEF FROM JUDGMENT

Plaintiffs, Trustees of the Southern Alaska Carpenters Health and Security, Retirement, Defined Contribution Pension and Southcentral and Southeastern Alaska

Carpenters Apprenticeship and Training Trust Funds, by and through their attorneys of record, Jermain, Dunnagan & Owens, P.C., move this Court for relief from judgment.

Federal Rule of Civil Procedure 60(a) provides that

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time . . . on the motion of any party . . .

On December 7, 2005, the Court entered judgment in the amount of $28,645.22 for the collection of delinquent benefit contributions remaining owed by Northrim Siding, Inc. and Western Surety Company, Bond No. 68990875 for work performed by carpenters for the period April through July 2003.[1]

However, 12 AAC 21.130-150 provides specific standards for judgments against cash deposits and surety bonds. To be paid from a cash deposit, the judgment must identify the cash deposit as the source of payment of the claim, "show for which item or items referred to in AS 08.18.071 judgment is entered," and identify when the claim arose.[2]

Accordingly, plaintiffs move the Court to correct the judgment under Federal Rule of Civil Procedure 60(a). It has been clear throughout this litigation that Western Surety Company, Bond No. 68990875 was a co-defendant in this case. It was listed in the complaint, the pleadings, and the judgment.[3] Plaintiffs should not be denied payment due to omissions in the drafting of the judgment.

---

[1] Judgment in a Civil Case, December 7, 2005, at 1-2.
[2] 12 AAC 21.140(b)-(c).
[3] Id.

DATED at Anchorage, Alaska, this 11th day of April, 2006.

>JERMAIN, DUNNAGAN & OWENS, P.C.
>Attorneys for Plaintiffs
>
>By: ___/s/_____
>Sarah E. Josephson
>JERMAIN, DUNNAGAN & OWENS, P.C.
>3000 'A' Street, Suite 300
>Anchorage, Alaska  99503
>(907) 563-8844
>(907) 563-8844
>sjosephson@jdolaw.com
>Alaska Bar #9705017

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of April, 2006, a true and correct copy of the foregoing, was mailed to:

Kevin J. Anderson, Esq.
645 G Street, Suite 100, PMB 570
Anchorage, AK 99501

_____/s/_____
Sarah E. Josephson#117088